**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

|                                        |     |                         |
|----------------------------------------|-----|-------------------------|
| **HARTFORD INSURANCE,**                | )   |                         |
| **COMPANY, <u>et al.</u>,**            | )   |                         |
|                                        | )   |                         |
| **Plaintiffs**                         | )   |                         |
|                                        | )   |                         |
| **vs.**                                | )   | **Civ. No. 98-3096 (TFH)** |
|                                        | )   |                         |
| **THE SOCIALIST PEOPLE'S LIBYAN**      | )   |                         |
| **ARAB JAMAHIRIYA, <u>et al.</u>,**    | )   |                         |
|                                        | )   |                         |
| **Defendants.**                        | )   |                         |
| _____      | )   |                         |

**<u>MEMORANDUM OPINION</u>**

Plaintiffs Hartford Fire Insurance Company, et al., have sued Defendants The Socialist

People's Libyan Arab Jamahiriya, et al., to recover damages sustained as a result of the bombing

of Pan American World Airways ("Pan Am") Flight 103 over Lockerbie, Scotland on December

21, 1988.  Pending before the Court are Plaintiffs' motion for partial summary judgment pursuant

to Federal Rule of Civil Procedure 56, and Defendants' cross-motion for summary judgment for

lack of subject matter jurisdiction and, in the alternative, for failure to state a claim upon which

relief may be granted.  Also pending is Plaintiffs' Motion for Leave to File a Second Amended

Complaint.

Upon careful consideration of the written submissions of the parties, and the entire record

herein, the Court will grant Plaintiffs leave to amend their complaint.  The Court shall reserve

decision on the pending motions for summary judgment pending oral argument on the issues

presented.  Defendants are granted leave to file a motion to dismiss the second amended

complaint, or to otherwise supplement their arguments in favor of dismissal as necessary in light

of the amended complaint.

## I. BACKGROUND

A.     <u>Factual History</u>

This action arises out of the bombing of Pan Am Flight 103 over Lockerbie, Scotland that killed 270 persons on December 21, 1988.  Pls.' Mot. for Partial Summ. J. 1.  The aircraft was blown apart by an improvised explosive device that had been loaded into a forward cargo hold on the aircraft.  <u>Id.</u> at 2.

Before the perpetrators of the crime were known, numerous tort claims for wrongful death and personal injury by or on behalf of persons killed or injured in the bombing were filed against Pan Am and Alert Management System ("Alert"), the security company responsible for the inspection of luggage.  <u>Id.</u> at 3.  The claims were based on the negligence of Pan Am and Alert in failing to detect the explosive device.  <u>Id.</u>  At trial, Pan Am and Alert were found liable for full compensatory damages for the deaths of the passengers aboard Flight 103 and the case was affirmed on appeal.  <u>See</u> <u>In re</u> <u>Air Disaster at Lockerbie, Scotland,</u> 37 F.3d 804 (2d Cir. 1994), cert. denied, 513 U.S. 1126 (1995).  Pan Am's insurers expended more than $500 million in defending and settling claims against Pan Am arising out of the bombing of Pan Am Flight 103 over Lockerbie, Scotland.  Statement of Material Facts as to Which There is No Genuine Issue ("SMF") ¶ 7.

The United States and Great Britain accused Libya of carrying out the bombing of Pan Am Flight 103.  In 1991, two of Libya's agents were indicted for the crime, one of whom, Megrahi, was convicted by a special Scottish court in 2001.  <u>See</u> <u>Her Majesty's Advocate v. Megrahi,</u> 2001 G.W.D. 5-177, 2001 WL 14966 (Scot. High Ct. of Justiciary at Camp Zeist 2001).

Libya has conceded that Megrahi was an agent of Libyan Arab Airlines, a Defendant to this case. SMF ¶ 10.  Libya accepted responsibility for the Lockerbie Air Disaster in a letter addressed to the President of the Security Council of the United Nations.  SMF ¶ 11.

B.    Procedural History

Plaintiffs insure Pan Am Corporation and its subsidiaries and affiliates against liability for bodily injury (including death) arising out of airline operations.  Am. Compl. ¶ 5.  Defendant Socialist People's Libyan Arab Jamahiriya is a "foreign state," as that term is defined in 28 U.S.C. § 1603, that has been designated by the U.S. Secretary of State as a state sponsor of terrorism.  Am. Compl. ¶ 7.  Plaintiffs expended hundreds of millions of dollars in defending and settling claims for money damages for death or personal injury arising out of the bombing of Pan Am Flight 103.  Am. Compl. ¶ 4.  By this action, Plaintiffs seek to recover those sums from the Defendants through indemnity and contribution.

Until 1996, Libya could not be sued to recover damages because it was immune from civil suit in American courts.  In 1996, Congress amended the Foreign Sovereign Immunities Act to add a new exception to foreign sovereign immunity, 28 U.S.C. § 1605(a)(7).  This provision provides subject matter jurisdiction for suits against state sponsors of terrorism in cases where "money damages are sought against a foreign state for personal injury or death that was caused by an act of . . . aircraft sabotage . . . ."  Plaintiffs' seek recovery based on this amendment to the Foreign Sovereign Immunities Act.

Plaintiffs filed their initial complaint, alleging a federal common law claim established by the Foreign Sovereign Immunities Act, on December 18, 1998, and amended their complaint on June 10, 1999, adding another plaintiff to this action.  On April 14, 1999, Defendants filed a

3

motion dismiss the case for lack of subject matter jurisdiction, lack of personal jurisdiction, and failure to state a claim.  The motion was denied by the Court on all counts.  Mem. Op. filed September 23, 1999 (Docket No. 16).  Both parties subsequently filed motions for summary judgment, and Plaintiffs filed the instant motion for leave to file a second amended complaint.

## II. DISCUSSION

A.    <u>Legal Standard</u>

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend a complaint "shall be given freely when justice so requires."  Fed. R. Civ. P. 15(a).  The Supreme Court has explained:

> In the absence of any apparent or declared reason – such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be "freely given."

<u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962).  Defendants oppose Plaintiffs' motion for leave to file a second amended complaint primarily on two grounds: (1) undue prejudice and (2) futility of amendment.

B.    <u>Undue Prejudice</u>

Defendants argue that allowing amendment of the complaint would cause them undue prejudice.  Specifically, Defendants claim that it would be prejudiced by the proposed complaint's addition of new plaintiffs, new bases for its causes of action, and addition of explicit claims for punitive damages.

The test for allowing amendment is not whether Defendants will be at all disadvantaged,

but whether they would be "unfairly disadvantaged or deprived of the opportunity to present facts

or evidence which it would have offered had the amendments been timely." _In re_ Vitamins

Antitrust Litigation, 217 F.R.D. 34, 36 (D.D.C. 2003) (internal citations omitted).  Defendants

will not be unfairly disadvantaged by the addition of new plaintiffs, who could file a separate

action against Defendants in their own names, nor will Defendants be unfairly disadvantaged by

the explicit request for punitive damages, as Defendants will have ample opportunity to litigate

any issues arising from these amendments.  Finally, Defendants will not be unduly prejudiced by

the new bases for Plaintiffs' causes of action.  As discussed further, _infra_, the proposed changes

are made in recognition of intervening legal developments affecting this case.  The fact that the

law in this area has changed during the course of this litigation impacts both parties.  This does

not unfairly disadvantage Defendants.  Defendants have not presented evidence of prejudice

sufficient to deny Plaintiffs opportunity to amend.

C.      Futility of Amendment

        Defendants next urge the Court to deny Plaintiffs opportunity to amend the complaint on

the basis of futility, arguing that the proposed complaint cannot survive a motion to dismiss or

for summary judgment.  Defendants' argument is rooted in intervening changes in the law since

this Court's denial of their initial motion to dismiss.  Defendants point to several new cases in

this Circuit, arguing that those cases are fatal to Plaintiffs' claims.  First, Defendants point to two

cases that they argue are antithetical to the Court's prior decision that it possesses subject matter

jurisdiction in this case.  Second, Defendants argue that Plaintiffs' claims cannot survive a

motion to dismiss for failure to state a claim because the complaint fails to identify a particular

cause of action arising out of a specific source of law.

1.     *Subject Matter Jurisdiction*

In this Court's Memorandum Opinion dated September 23, 1999, the Court held that

Libya's sovereign immunity had been lifted by 28 U.S.C. §1605(a)(7), the Federal Sovereign

Immunities Act.  Defendants argue that leave to amend the complaint should be denied as futile

because recent case law has established that this Court lacks subject matter jurisdiction in this

case.

Defendants assert that the Court of Appeals for the District of Columbia Circuit's holding

in Cicippio-Puleo v. Islamic Republic of Iran, 353 F.3d 1024 (D.C. Cir. 2004) represents an

intervening change in the law regarding the determination of subject matter jurisdiction under 28

U.S.C. §1605(a)(7).  The Court disagrees.  The issue in Cicippio-Puleo was whether section

1605(a)(7) and the Flatow Amendment provide a *cause of action* against a foreign state.

Cicippio-Puleo, 353 F.3d at 1036.  Indeed, the decision highlighted the distinction between the

statute as a source of jurisdictional authority over foreign governments, which the statute *does*

provide, and as a source of a private cause of action, which the statute does not.  See id. at 1034.

Nothing in Cicippio-Puleo conflicts with this Court's decision that Libya's sovereign immunity

has been lifted.  In fact, Cicippio-Puleo specifically stated that the district court in that case had

subject matter jurisdiction, stating, "[I]t is clear that the District Court had jurisdiction pursuant

to the statutory waiver of sovereign immunity under 28 U.S.C. § 1605(a)(7)."  Id. at 1030.

Libya next cites Pugh v. Socialist People's Libyan Arab Jamahiriya, as an intervening

change in the law, 290 F. Supp. 2d 54 (D.D.C. 2003).  First, as Pugh is not controlling authority,

it does not qualify as an intervening change in the law that warrants a departure from the law of

the case.  See Kimberlin v. Quinlan, 199 F.3d 496, 500 (D.C. Cir. 1999).  Second, even if Pugh

were a controlling authority, the decision would not warrant revisiting the issue because <u>Pugh</u>

addressed whether or not the court had subject matter jurisdiction over a property damage claim,

rather than a wrongful death claim as alleged here.  <u>See</u> <u>Pugh</u>, 290 F. Supp. 2d at 60-61.

Although the Court in <u>Pugh</u> found that it lacked subject matter jurisdiction over the foreign state,

the decision was based on the fact that the Foreign Sovereign Immunities Act, 28 U.S.C. §

1605(a)(7), expressly waives sovereign immunity in cases "in which money damages are sought

against a foreign state for *personal injury or death* . . . ," 290 F. Supp. 2d at 60 n.5 (emphasis

added), neither of which were encompassed in the property damage claim.  Because the court did

not decide the issue of subject matter jurisdiction as applied to the type of claim presented in the

instant case, there is nothing in <u>Pugh</u> that requires the Court to reconsider its prior decision.

 The Court reaffirms its prior holding that it has subject matter jurisdiction in this case.

<u>See</u> <u>Dammarell v. Islamic Republic of Iran</u>, No. 01-2224, 2005 WL 756090, at *6 (D.D.C. March

29, 2005) ("Nothing in the D.C. Circuit's more recent decisions suggests a contrary result" to the

holding that state sponsors of terrorism have lost their sovereign immunity under section

1607(a)(7)).  Accordingly, Libya's argument that amendment of the complaint would be futile on

this ground must fail.

2. *Failure to State a Claim Upon Which Relief Can be Granted*

 Defendants also argue that leave to amend the complaint should be denied as futile

because the proposed complaint fails to state a claim.  "To succeed in the end, the plaintiff must

go beyond jurisdiction and provide proof satisfying a substantive cause of action."  <u>Kilburn v.

Socialist People's Libyan Arab Jamahiriya</u>, 376 F.3d 1123, 1129 (D.C. Cir 2004) (citing

<u>Cicippio-Puleo</u>, 353 F.3d at 1032).  In this Court's Memorandum Opinion dated September 23,

1999, the Court held that federal common law provided the cause of action in this case.

Defendants point to recent decisions from the D.C. Circuit that have established that neither §

1605(a)(7), nor the Flatow Amendment, nor the two considered in tandem, creates a private right

of action against a foreign government, and further that neither does generic common law

provide a federal cause of action.  See Cicippio-Puleo, 353 F.3d at 1033; Acree v. Republic of

Iraq, 370 F.3d 41, 59 (D.C. Cir. 2004).  Plaintiffs acknowledge that these decisions merit

reconsideration of the Court's prior conclusion on this issue.

      The First Amended Complaint only formally alleges causes of action based on federal

common law.  Due to the change in controlling case law, the Court must conclude that Plaintiffs'

First Amended Complaint would fail to state a claim; however, the Court will take the approach

that the D.C. Circuit has indicated is appropriate if the plaintiffs are prepared to provide a

"coherent alternative" source of law on which to base their claims: allow Plaintiffs to amend

their complaint.  See, e.g., Cicippio-Puleo, 353 F.3d at 1036 (holding in light of evolving state of

law that "[w]e will therefore remand the case to allow plaintiffs an opportunity to amend their

complaint to state a cause of action under some other source of law including state law . . ."); 

Dammarrell v. Islamic Republic of Iran, No. 01-2224, 2005 WL 756090, at *32 (D.D.C. March

29, 2005) (finding that plaintiffs had offered a viable alternative source of law, and allowing

plaintiffs to amend their complaint to identify the particular cause of action arising out of a

specific source of law); Simpson v. Socialist People's Libyan Arab Jamahiriya, 362 F. Supp. 2d

168, 183 (D.D.C. 2005) ("In their amended complaint, the plaintiffs primarily reference general

tort law . . .  Accordingly, the court grants the plaintiffs leave to amend their complaint with a

statement of which law they seek this court to apply"); Welch v. The Islamic Republic of Iran,

No. 01-863, 2005 WL 2216534, at *4 (D.D.C. Sept. 27, 2004) (Kay, M.J.) ("Unlike the plaintiff in Acree, the plaintiff in the instant case has expressed her desire to amend the complaint to state specific causes of action and has stated possible causes of action that the plaintiff would use if given the opportunity to do so").

The issue becomes whether the proposed second amended complaint states a viable claim.  In Acree, the D.C. Circuit directed that "a plaintiff proceeding under the FSIA must identify a particular cause of action arising out of a specific source of law.  See Acree, 370 F.3d at 59.  In their proposed second amended complaint, Plaintiffs assert claims for indemnity, contribution, and punitive damages under both state law and federal statutes.  Specifically, Plaintiffs argue in their briefing that this case should be governed by the law of New York. Defendants contend that the amended complaint is still insufficient, arguing that the claims set forth are not plead with the specificity required under Acree.  The Court agrees with Plaintiffs that Acree does not increase what is required of Plaintiffs by notice pleading, nor does it raise the bar for surviving a motion to dismiss for failure to state a claim.  See Simpson, 362 F. Supp. 2d at 183 n.13 ("The court does not read Acree v. Iraq to have modified the threshold for surviving a Rule 12(b)(6) motion to dismiss").  A complaint requires only "a short and plain statement of the claim showing that the pleader is entitled to relief. . ." Fed. R. Civ. P. 8(a).  Further, a complaint may only be dismissed for failure to state a claim where it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Shea v. Rice, 409 F.3d 448, 451 (D.C. Cir. 2005) (reversing district court's dismissal of claim where it did "not appear 'beyond doubt' that he [could not] prove a 'set of facts in support of his claim which would entitle him to relief.'") (quoting Gilvin

9

v. Fire, 259 F.3d 749, 756 (D.C. Cir. 2001)).  It cannot be said at this stage in the litigation that it appears beyond doubt that Hartford is not entitled to relief.  See Simpson, 362 F. Supp. 2d at 183.

Given the liberal policy behind Rule 15, none of the arguments Defendants put forth are sufficient to deny Plaintiffs opportunity to amend.  Because there is no evidence of undue delay, bad faith on the part of Plaintiffs, or unfair prejudice to Defendants, and because the Court finds that amendment would not be futile, the Court will grant Plaintiffs' motion for leave to file an amended complaint.

### III.  CONCLUSION

For the forgoing reasons, the Court shall grant Plaintiffs' Motion for Leave to File a Second Amended Complaint.  An appropriate order will accompany this Memorandum Opinion.

March 20, 2006

_____
            /s/
         Thomas F. Hogan
          Chief Judge